IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HO KEUNG, TSE <br> P.O. BOX 80306 <br> CHEUNG SHA WAN POST OFFICE <br> HONG KONG <br> eMail : hktse2007@Gmail.com <br> Tel: (852) 9027 8567 <br> "852" is H.K. district code <br><br> Plaintiff <br><br> vs. <br><br> APPLE, INC., <br> 1 Infinite Loop, <br> Cupertino, California 95014 <br> USA, <br><br> Ascedia, Inc., <br> 161 South First Street, <br> Suite 200, <br> Milwaukee, WI 53204 <br> USA, <br><br> Defendants | Civil Action No. <br><br> 12 C 001 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

**AND PRAY FOR INJUNCTIVE RELIEF**

Plaintiff, Ho Keung Tse ("Plaintiff"), files this Complaint against Apple, Inc. ("Apple") and Ascedia, Inc. ("Ascedia"), referred to as "Defendants", as follows:

## PLAINTIFF'S ATTEMPT TO SECURE COUNSEL :

No counsel secured. No conference held between Plaintiff and any Attorney.

## PLAINTIFF'S OTHER LAWSUITS

**First Action :**

It involves infringement of the same US Patent 6665797, using the user identity verification technologies covered by the '797 Patent, to protect from unauthorized use, music sold via Internet.

Describe the lawsuit :

a.  Date of filing lawsuit : August, 5, 2005

b.  Parties

    Plaintiff        : Ho Keung, TSE

    Defendants    : Apple Computer, Inc., RealNetworks, Inc., MusicMatch, Inc., Sony Connect, Inc., and Napster Inc.

c.  Court: The United States District Court for Northern District of California.

d.  Docket Number  : C 06-06573 SBA

e.  Name of Judge to whom the case was assigned : Judge Saundra Brown Armstrong

f.  Disposition    : Nil.

g.  Status       : The case was stayed, pending for issuance of certificate of Reexamination (control number : 90/008,772) of the '797 Patent.

**Second Action :**

It involves infringement of the same US Patent 6665797, using the user identity verification technologies covered by the '797 Patent to verify the identity of bidders, to prevent bid shilling in Internet Auctions, as well as to verify identities of free trial users, in providing Internet services.

Describe the lawsuit :

a.  Date of filing lawsuit : December, 9, 2009

b.  Plaintiff        : Ho Keung, TSE

   Defendants    : eBay Inc. ("eBay"), uBid, Inc. ("uBid"), and America Online Inc. ("AOL").

c.  Court:   Initially filed with the United States District Court for Eastern District of Texas, later transferred to the United States District Court for Northern District of California on April 14, 2011.

d.  Docket Number: 2:09-cv-00380-TJW in Eastern Texas: 3:11-cv-01812-WHA in Northern California.

e.  Name of Judge to whom the case was assigned: Judge John Ward in Eastern Texas: Judge William Alsup in Northern California.

f.  Disposition : Nil.

g.  Status : DISMISSED WITHOUT PREJUDICE to refiling after final determination of the validity of the claims of United States patent number 6,665.797 and issuance of a reexamination certificate, by order of Judge William Alsup on August 29, 2011. The effect of this order should be in respect of the single asserted claim 21 and Defendants of

3

the second action only, as Judge William Alsup incorrectly decided that the claim 21 as amended in Reexamination (control number : 90/008,772) contains substantive changes (without any claim construction) and dismissed the case, for reason as "original patented claim 21 was cancelled in July 2009 — five months before this action was filed — and the amended version of claim 21 has not yet issued".

## NATURE OF THE PRESENT ACTION

1. This is a patent infringement action to stop Defendants Apple's and Ascedia's infringement of Plaintiff's United States Patent No. 6,665,797 (the " '797 Patent", a copy of which is attached hereto as Exh. A), entitled "Computer Apparatus/Software Access Right Management" (corrected by Certificate of Correction dated January 3, 2006, last page of Exh. A). Plaintiff is the sole owner of United States Patent Number 6,665,797. Plaintiff seeks injunctive relief and monetary damages.

## SOLE PATENT-IN-SUIT

2. The '797 patent is currently under a reexamination (control number : 90/008,772) before the United States Patent and Trademark Office (PTO), jointly requested by defendants Apple, RealNetworks, MusicMatch, Sony Connect and Napster in above-mentioned first action.

3. The PTO has confirmed validity of amended claim 16, with the other claims under reexamination pending for confirmation, in the Final Office Action issued on July 21, 2009.

4. The Board of Patent Appeals and Interferences (BPAI) of the PTO has reversed the rejection of amended independent claims 1-4, 11, 12 and 21, as well as new independent claims 23, and 27, and a dependent claim 5, in its Decision on Request for Rehearing, issued on May 26, 2011.

5. A listing of all the claims confirmed as allowable is submitted in Exh. B.

6. The present action is filed before the issuance of a certificate of Reexamination, not after. If necessary, Plaintiff will re-file a complaint with this Court after issuance of the certificate of Reexamination, and seek the Court to consolidate this action and the then-filed action.

7. The present state of exemplary claim 16 (patentability confirmed by PTO), reads as follows:

> A method for protecting software from unauthorised use, comprising the steps of:
>
> (a) obtaining by protection software running on a processing apparatus, say, first processing apparatus, first information from the user thereof;
>
> (b) determining by said protection software, from said processing apparatus second information related to the hardware or/and software thereof for future reference in step (c) below, in response to said first information obtained being consistent with third information contained in said protection software, thereafter
>
> (c) authenticating a processing apparatus, say, second processing apparatus, <u>as being said first processing apparatus</u>, basing on at least a part of said second information;
>
> (d) using a positive result of said authentication as a pre-condition for permitting use of said software desired to be protected on said second processing apparatus;
>
> wherein said third information being confidential information of a rightful user of said software [desire] <u>desired</u> to be protected and being necessary

5

for enabling electronic commerce transaction(s) for which said rightful user has to be responsible; and said method is being performed without causing a said transaction take place.

Note that the underlined part "<u>as being said first processing apparatus</u>" is a new limitation entered in the reexamination (control number : 90/008,772). It is merely for providing a better understanding of the purpose, with no impact on the structure of the invention as defined.

## PARTIES

8. Plaintiff is the sole inventor, sole patentee and sole owner of the '797 Patent duly and legally issued by the United States Patent and Trademark Office on December 16, 2003. Plaintiff owns and has at all times owned and has standing to sue for infringement of '797 Patent.

9. Upon information and belief, Defendant Apple, Inc. is a corporation duly organized and existing under the laws of the state of California and has a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

10. Upon information and belief, Defendant Ascedia, Inc is a corporation duly organized and existing under the laws of the state of Wisconsin and has a headquarter of business at 161 South First Street, Suite 200, Milwaukee, WI 53204, and an office at 560 East Verona Road, Verona, WI 53593.

## JURISDICTION AND VENUE

11. This action arises under the Patent Laws of the United States, Title 35 United States Code, including but not limited to 35 U.S.C. § 271, 281, 283, 284, and 285.

12. This Court has jurisdiction of this action under 28 U.S.C. § 1331 (federal question jurisdiction), 1338(a) (patent jurisdiction).

13.     Defendant Apple, upon information and belief, is in the business of, inter alia, importing and selling products (iPod Touches, iPhones and iPads). Apple is also in the business of selling third party application programs, through its Internet virtual "App Store", for use on its products.

14.     Upon information and belief, the Apple's infringing products ("iPod Touches, iPhones and iPads") containing infringing Digital Rights Management (DRM) software and hardware, which works in a co-operative manner with other infringing DRM software and hardware of the App Store, including but not limited to its Internet servers, for use in protecting from unauthorized use, application programs purchased from Apple's App Store, all covered under the claims of the '797 patent in suit.

15.     This Court has personal jurisdiction over Apple because Apple has established minimum contacts with the forum. Apple's infringing products ("iPod Touches, iPhones and iPads") are and have been used, offered for sale, sold, and purchased in the Western District of Wisconsin. Apple, directly and/or through its distribution network, places the products within the stream of commerce directed at the Western District of Wisconsin, with the knowledge and/or understanding that such products will be sold in the Western District of Wisconsin. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), and 1400(b).

16.     This Court has personal jurisdiction over Apple, also because that, Apple has engaged/engages in soliciting, through its http://www.apple.com, third party developers in the Western District of Wisconsin, including but not limited to Defendant Ascedia, to develop for and submit to Apple, application programs executable on Apple's infringing products only, for sales at App Store exclusively. Apple protected the application programs from unauthorized use, by software and methods covered under the '797 Patent, therefore constituting inducing those third party developers to participating in and profit from infringing the '797 Patent. Further,

Apple's infringing App Store has engaged/engages in offering for sale or selling or licensing application programs to users of Apple's infringing products in the Western District of Wisconsin.

17. Defendant Ascedia, upon information and belief, has/is engaged in developing application programs for sales at Apple's App Store exclusively, and executable only on Apple's infringing products ("iPod Touches, iPhones and iPads"), therefore infringing the '797 patent contributorily.

18. This Court has personal jurisdiction over Ascedia because Ascedia has established an office at 560 East Verona Road, Verona, WI 53593, to solicit business and service customers. For the Court's information, Verona is a suburb town of Madison, within ten miles of downtown Madison.

## THE CONCEPT OF INVENTION

19. As readable on the abstract of '797 patent, the concept behind the present invention can be summarized as a method of "using the existence of the EI sub-program in a computer as a precondition for authorising use of software products on that computer".

And, the EI program is for authorizing payment from an account of the rightful user of the software products desired to be protected, and in the present invention, it is being used as a token for identity verification only.

No payment is needed to be charged on the account.

Note that other payment information, such as a credit account password, may be used as an alternative to the EI program. For details, please refer to the '797 Patent (Exh. A)

20. The present invention is the cornerstone of Digital Rights Management ("DRM") technologies of nowadays. Before it, purchased software is generally protected from

unauthorized use, by means of a piece of specific hardware, such as a dongle, not practical for Internet sales.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6665797

## BY APPLE'S APP STORE AND PRODUCTS

21.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-20 of this Complaint as though fully set forth herein.

22.     Apple owns and operates a virtual Internet Store, called as "App Store".

23.     Apple has installed/installs an "App Store" application program (directly or indirectly through third party manufacturers) in each of its products ("iPod Touches, iPhones and iPads"), before sold to users.



24.     The "App Store" application program is for use by the users of Apple's products ("iPod Touches, iPhones and iPads") to access to Apple's Internet servers and create a virtual App Store on the screen of the products.

25.     Apple sells application programs ("App") through the App Store, to users of the products.

26.     Apple, through the virtual App Store, has required/requires users to submit information of their financial account, to open accounts with Apple, and each Apple account can be accessed by using a respective Apple ID and Password. The financial account may be a credit card or debit card account and the information submitted is for authorizing Apple to receive payment from the financial account.

9

27. The Apple ID and Password is for use by an account holder to authorize Apple to make use of the financial account information he/she submitted, to receive payment from his/her financial account, for purchasing application programs from the App Store.

28. Once an account holder has purchased an application program, he/she can download the same application program from the App Store, to any Apple's products ("iPod Touches, iPhones and iPads"), for an unlimited number of times without re-purchasing the application program, by first using the product to access the App Store, then signing up with the App Store using the Apple ID and Password used for the purchase.

29. The purchased App cannot be used on an Apple product ("iPod Touches, iPhones and iPads") other than the one used for making the purchase, unless the product is authorized to execute the App, by first using the product to access the App Store, then signing up with the App Store using the Apple ID and Password used for the purchase.

30. Apple has engaged/is engaging in making and using Digital Rights Management (DRM) software and hardware, including but not limited to, servers of its Internet virtual "App Store", for practicing the methods covered under the claims of the '797 patent, including but not limited to claims 13, 16 and 21, for protecting from unauthorized use, application programs offered for sale or selling or licensing application programs in its App Store, to users of Apple's products ("iPod Touches, iPhones and iPads").

31. Apple has engaged/is engaging in importing, offering for sale, and selling in the United States, its products ("iPod Touches, iPhones and iPads") with software and hardware for DRM purposes, including but not limited to the "App Store" application program installed thereon, for practicing the methods covered under the claims of the '797 patent, including but not limited to claims 13, 16 and 21, for protecting from unauthorized use, application programs offered for sale or selling or licensing application programs in its App Store, to users of Apple's

products ("iPod Touches, iPhones and iPads").

32. Apple, by using the '797 patented invention, has without difficulty, successfully built up its App Store as one of the greatest Internet Business, while inflicting irreparable harm to Plaintiff.

## COUNT II

## APPLE INDUCES THIRD PARTY APPLICATION PROGRAM DEVELOPERS INTO INFRINGING U.S. PATENT NO. 6665797

33. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-32 of this Complaint as though fully set forth herein.

34. Apple, by using Digital Rights Management (DRM) software and methods covered under the claims of the '797 patent, including but not limited to claims 13, 16 and 21, to protect purchased application programs from use by an unauthorized user, Apple has infringed/infringing on the '797 patent directly itself, while at the same time, has induced/inducing the infringement of the '797 Patent by third party developers in the United States.

35. Apple has solicited/solicits third party developers to submit App to its App Store. To this end, Apple has offered/offers Software Development Kit to third part developers for developing application programs for to be sold exclusively at Apple's App Store and executable only on Apple's products (including but not limited to "iPod Touches, iPhones and iPads").

## COUNT III

## CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 6665797 BY ASCEDIA

36. Defendant Ascedia, upon information and belief, has/is engaged in developing application programs for sell at Apple's App Store, including but not limited to application programs "Madison Traffic", "Milwaukee Traffic", "Chicago Traffic" and "Gary Traffic". Ascedia has contracted with Apple and has used Apple's Software Development Kit in developing the application programs such that the application programs developed has to be sold exclusively at Apple's App Store and executable only on Apple's products ("iPod Touches, iPhones and iPads"). Ascedia has contracted with Apple that it permits Apple to offer for sale, sell and license application programs, to users of Apple's products, by using Digital Rights Management (DRM) software and methods covered under the claims of the '797 patent in App Store, therefore infringing the '797 patent contributorily.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

37. That Defendants be held to have infringed the '797 patent.

38. That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiff's patent.

39. That judgment be entered for Plaintiff against Defendants, for Plaintiff's actual damages according to proof, and for any additional profits attributable to infringements of Plaintiff's patent.

40. That judgment be entered for Plaintiff against Defendants, for statutory damages

based upon Defendants' acts of patent infringement and for its other violations of law.

41. That Defendants be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law.

42. That judgment be entered for Plaintiff and against Defendants, for trebling of the damages awarded for willful and deliberate patent infringement, justifying an increase of damages of up to three times under 35 U.S.C. § 284.

43. That Plaintiff have judgment against the Defendants for Plaintiff's costs and attorney's fees (should Plaintiff be represented by an attorney later), under 35 U.S.C. § 285.

44. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a trial by jury on all issues so triable.

Signed this 7th day of January, 2012.

Respectfully submitted,

_____

(Signature of Ho Keung TSE)

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on 7th day of January, 2012.

(Signature of Ho Keung TSE)